Citation Nr: 1527852 
Decision Date: 06/29/15 Archive Date: 07/09/15

DOCKET NO. 11-27 647 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Indianapolis, Indiana


THE ISSUES

1. Entitlement to service connection for residuals of dental trauma, claimed as missing teeth.
 
2. Entitlement to service connection for a sinus disorder with infections claimed as secondary to dental trauma.

3. Entitlement to service connection for left ear hearing loss.
 
4. Entitlement to service connection for an acquired psychiatric disorder to include chronic depression, major depressive disorder with psychotic features, substance induced mood disorder, and panic disorder.


ATTORNEY FOR THE BOARD

J. Jenkins, Associate Counsel 


INTRODUCTION

The Veteran had active service from July 1970 to July 1972.

These matters come before the Board of Veterans' Appeals (Board) on appeal from a March 2010 rating decision of the Department of Veterans' Affairs (VA) Regional Office (RO) in Indianapolis, Indiana.

In April 2013, the Veteran failed to report for a scheduled Travel Board hearing before a Veterans' Law Judge. He has not provided evidence of good cause to reschedule this hearing. Therefore, his hearing request is deemed withdrawn. 38 C.F.R. § 20.704(d) (2014). 

These matters were before the Board in October 2014. Unfortunately, there has not been substantial compliance with the prior remand directives. Thus, another remand is required. See Stegall v. West, 11 Vet. App. 268 (1998)

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Veteran if further action is required.


REMAND

The development requested in the Board's October 2014 was not substantially completed. A remand by the Board confers on the Veteran, as a matter of law, the right to compliance with the remand orders. Stegall v. West, 11 Vet. App. 268, 271 (1998). It imposes upon VA a concomitant duty to ensure compliance with the terms of the remand. Accordingly, in the present case, the development specified in the Board's prior remand must be conducted prior to adjudication.

The October 2014 remand directed that the AOJ: 1) obtain all medical records from the Indianapolis VA medical center, to include any fee basis dental, the January 2010 audiological test scores, and any additional VA and non-VA medical treatment identified by the Veteran; 2) if any records were unavailable, a memorandum detailing all efforts to obtain them and a formal finding of unavailability should be placed in the claims file; 3) schedule the Veteran for VA examinations to determine the nature and etiology of any audiological, dental, sinus, or psychiatric disabilities. With regard to the Veteran's dental and sinus examinations, the examiners were instructed that for any disability found, the examiner should indicate whether it had its onset during active duty or was otherwise related to military service, to include the Veteran's in-service dental trauma from having been struck in the mouth by a truck mirror. With regard to his psychiatric examination, the examiner was instructed to review the pertinent evidence, to include notations of an apparent suicide attempt that took place in either the 1970s or 1990s.

With regard to the outstanding treatment records, while additional VA treatment records were obtained they did not include treatment records from the Veteran's fee-based dental treatment or the January 2010 audiological examination test scores. Moreover, the AOJ did not place a memorandum detailing all efforts to obtain those records or place a formal finding of unavailability concerning these outstanding records in the file as directed in the Board's prior remand. Additionally, while the AOJ mailed the Veteran a duty to assist letter and VA Form 21-4142 concerning private treatment, that letter was returned to VA. Moreover, that letter was not sent to the Veteran's current address of record. A review of the record indicates that the Veteran received mental health treatment at Life Treatment Center, Miller's Vet Center, and Oaklawn Hospital. These records have not been associated with the record. Accordingly, the Board finds that there has not been substantial compliance with the October 2014 remand directive to obtain outstanding VA and private medical records. 

The March 2015 Supplemental Statement of the Case indicated that the Veteran failed to report to his scheduled December 2014 VA audiological examination without good cause. The record does not contain the notice of the examination provided to the Veteran. Additionally, review of the record reveals that multiple pieces of mail were returned as undeliverable during the remand development. As the record suggests the Veteran did not receive notice of the December 2014 audiological examination and the claim is being remanded for additional development, on remand the Veteran should be provided another opportunity to report to an audiological examination to determine the nature and etiology of any left ear hearing loss. 

The Board notes that the Veteran was afforded VA dental, sinus, and psychiatric examinations in December 2014. However, the Board finds that those examination reports are inadequate and thus do not substantially comply with the October 2014 remand directives. 

With regard to the Veteran's dental claim, the Veteran was provided a VA examination in December 2014. While the examiner diagnosed the Veteran with pulpal necrosis, the examiner did not address whether it was related to the Veteran's military service, to include his in-service dental trauma. 

With regard to the Veteran's sinus examination, the examiner noted that the Veteran did not now have or ever had a diagnosed sinus condition. VA treatment records indicate that the Veteran has been diagnosed with sinusitis and allergic rhinitis. Additionally, a January 2010 VA examination report noted that the Veteran had more than six episodes of sinusitis in the past 12 months. Absent discussion of this evidence and rationale for the examiner's rejection of the VA diagnoses of record renders the examination report and the examiner's negative etiological opinion appear based on an inaccurate factual premise and are inadequate. See Nieves-Rodriguez v. Peake, 22 Vet. App. 295 (2008) (stating that the probative value of a medical opinion comes from the factually accurate, fully articulated, and sound reasoning for the conclusion); Reonal v. Brown, 5 Vet. App. 458 (1993) (an opinion based upon an inaccurate factual premise had no probative value). 

With regard to the Veteran's psychiatric examination, the examiner diagnosed the Veteran with alcohol use disorder and alcohol-induced depressive disorder. The examiner noted the other VA diagnoses of record, including panic disorder and depression, but did not provide any rationale for rejecting those diagnoses. In opining that the Veteran's alcohol use disorder and depressive disorder were not related to military service, the examiner did not address, as directed, the evidence of the Veteran's apparent suicide attempt in the 1970s or 1990s. Additionally the examiner incorrectly stated that while the Veteran was treated for alcohol abuse as early as the 1990s there were no mental health issues noted until 2007. VA treatment records indicate that the Veteran had an abnormal depression screening in March 2002 and that he was assessed with depression in December 2006. Consequently, the examiners opinion is inadequate for adjudicating the claim. See Reonal v. Brown, 5 Vet. App. 458 (1993). 

In light of the above deficiencies, a remand to provide the Veteran adequate VA examinations is warranted. Barr v. Nicholson, 21 Vet. App. 303, 312 (2007) (holding that when VA undertakes to provide a VA examination or obtain a VA opinion, it must ensure that the examination or opinion is adequate.).

Accordingly, the case is REMANDED for the following actions:

1. Obtain all VA treatment records from March 2015 to present, and any fee basis dental. All attempts to obtain these records should be documented in the claims file. In the event that it is determined that the records are unavailable, a formal determination, pursuant to 38 C.F.R. § 3.159(c)(2) (2014), must be made and the Veteran must be provided appropriate notice under 38 C.F.R. § 3.159(e) (2014).

2. Take appropriate steps to verify the Veteran's current address, then provide him with VA Forms 21-4142, Authorization and Consent to Release Information to VA, for any health treatment for any medical condition on appeal, to include Life Treatment Center, Miller's Vet Center, and Oaklawn Hospital. If a release is obtained, make reasonable efforts to obtain all identified records. Two (2) attempts must be made to obtain any private records identified, unless the first attempt demonstrates that a second attempt would be futile. If a negative response is received from any treatment provider, or if no response is received, the claims file should be properly documented in this regard and the Veteran should be informed.

3. Notify the Veteran that it is his responsibility to report for any scheduled examination and to cooperate in the development of his claim. Additionally, inform the Veteran of the consequences for failure to report for a VA examination or failure to cooperate with the examiner. 38 C.F.R. §§ 3.158, 3.655 (2014).

4. Thereafter, schedule the Veteran for a VA audiology examination. The claims file should be properly documented regarding all notifications to the Veteran as to the scheduled examination. The claims folder must be provided to and reviewed by the examiner in conjunction with the examination. All indicated tests and studies should be performed, including audiometric testing, and all clinical findings should be set forth in detail. The examiner should also interpret the test findings from the January 2010 audiology examination should these findings be obtained, and consider the findings from the August 2011 VA audiological examination that right ear hearing loss and bilateral tinnitus were related to inservice acoustic trauma.

For any hearing loss in the left ear, the examiner should indicate whether it is at least as likely as not (50 percent probability or greater) that it had its onset during active duty or is otherwise related to the Veteran's military service. 

For purposes of the examination, the Board finds the Veteran is credible that he experienced acoustic trauma in service and he is noted to be service-connected for tinnitus and right ear hearing loss due to such exposure to acoustic trauma.

The examiner must provide complete rationales for all conclusions reached. In rendering the requested opinion, the examiner should not rely solely on the absence of hearing loss in service as the basis for a negative opinion.

In formulating the opinion, the term "at least as likely as not" does not mean "within the realm of possibility." Rather, it means that the weight of the medical evidence both for and against the claim is so evenly divided that it is as medically sound to find in favor of the claim as it is to find against it.

5. Thereafter, schedule the Veteran for a VA examination to determine the nature and etiology of any dental disorder. The claims file and a copy of this remand should be made available to the examiner for review. Review of the claims file should be noted in the examination report. All necessary tests and studies should be conducted. 

For any dental disorder, including pulpal necrosis, the examiner should indicate whether it at least as likely as not (50 percent probability or greater) that it had its onset during active duty or is otherwise related to the Veteran's military service, to include the dental trauma from having been struck in the mouth by a truck mirror, previously conceded by VA to have taken place inservice. 

The term "at least as likely as not" does not mean "within the realm of possibility." Rather, it means that the weight of the medical evidence both for and against the claim is so evenly divided that it is as medically sound to find in favor of the claim as it is to find against it. The complete rationale for all opinions expressed must be provided. 

For purposes of the examination, the Board finds the Veteran is credible that he experienced facial/mouth trauma in service.

6. Thereafter, schedule the Veteran for a VA examination to determine the nature and etiology of any sinus disability. The claims file and a copy of this remand should be made available to the examiner for review. Review of the claims file should be noted in the examination report. All necessary tests and studies should be conducted. 

a. Identify any diagnosable sinus disability present during the pendency of the appeal, to include sinusitis and allergic rhinitis. 

In so doing, the examiner should address the diagnoses of record and the Veteran's ongoing reports of nasal congestion. 

b. For any sinus disability diagnosed, including sinusitis and allergic rhinitis, the examiner should opine whether it at least as likely as not (50 percent probability or greater) that it had its onset during active duty or is otherwise related to the Veteran's military service, to include the dental trauma that was previously conceded by VA to have occurred. 

c. If it is determined that any sinus disability was not directly caused by the in-service injury of being struck by the mirror, the examiner opine whether it was caused or aggravated beyond natural progression by any dental disorder that is shown to be the result of the Veteran's in-service dental trauma. 

For purposes of the examination, the Board finds the Veteran is credible that he experienced facial/mouth trauma in service.

The term "at least as likely as not" does not mean "within the realm of possibility." Rather, it means that the weight of the medical evidence both for and against the claim is so evenly divided that it is as medically sound to find in favor of the claim as it is to find against it. The complete rationale for all opinions expressed must be provided. 

7. Thereafter, schedule the Veteran for a VA psychiatric examination. The claims folder must be provided to and reviewed by the examiner in conjunction with the examination. Review of the claims file should be noted in the examination report. All necessary tests and studies should be conducted. With respect to each acquired psychiatric disorder present during the period of this claim (i.e., major depressive disorder, panic disorder without agoraphobia, and substance induced mood disorder) the examiner should opine whether it is at least as likely as not (i.e., at least 50 percent probable) that such disorder originated during service, is otherwise etiologically related to service or, in the case of psychosis, was manifested within one year of discharge.


The examiner should provide a rationale for the opinions. 

In providing this opinion, the examiner should review and discuss the pertinent evidence to include the evidence suggesting possible manifestations of psychiatric symptoms during service, with an apparent acute anxiety diagnosed in service and treated with Valium and Darvon, as well as the evidence of an apparent suicide attempt that either took place in the 1970s or 1990s.

8. Upon completion of the above requested development, and after undertaking any other development deemed appropriate, readjudicate the issues on appeal. If any of the benefits sought are denied, furnish the Veteran and her representative a supplemental statement of the case and return the case to the Board.

The Veteran has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

These claims must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).


______________________________________________
L. M. BARNARD 
Acting Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).